Todd *et al. v.* Todd *et al.*

(Division B. June 11, 1934.)

[155 So. 343. No. 31306.]

**Alexander, Alexander & Satterfield,** of Jackson, for appellants.

590

**Watkins & Avery,** of Jackson, for appellees.

Argued orally by **John Satterfield**, for appellants, and by **Ralph B. Avery**, for appellees.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellants filed a bill in chancery to have the will of A. M. Todd, Sr., father of appellants and husband of Mrs. Maude Todd, construed. The will, which was made an exhibit to the bill, reads as follows:

"I, A. M. Todd, of Fondren, Mississippi, of legal age and of sound disposing mind and memory, so hereby make this my last will and testament, expressly revoking all other and former wills and testaments.

"1st. I give, devise and bequeath unto my .wife, Mrs. Maude Todd, our homestead at Fondren, Mississippi. This property is more particularly described by reference to a deed from Isham Cade, dated April 29, 1896, and recorded in Book 25, at page 364. Also I give, devise and bequeath unto my wife, Mrs. Maude Todd, Lots seven (7) and eight (8) in Block 'G' Ridgelawn Sub-

division; it being intended to also will to my wife the same property which was conveyed to me by Mrs. Jessie Sims Lorenz on January 9, 1922, by deed recorded in Book 138, at page 137. And I also will and bequeath unto my wife, all of the household furniture, furnishings and equipment in our homestead.

"2nd. The remainder of my property I give, devise and bequeath, in equal shares to my seven (7) children, Charles Todd, A. M. Todd, Jr., Mrs. Cecile Todd Cummings, Mrs. May Todd Williams, David C. Todd and Thomas B. Todd.

"3rd. I appoint my wife, Mrs. Maude Todd, as executrix of this my last will and testament, waiving the giving of any bond, and waiving, so far as I may, reporting to court, simply desiring that this my last will and testament be presented for probate.

"In testimony whereof, I have signed and declared and published this to be my last will and testament in the presence of H. V. Watkins and Miss M. R. Wilkinson, whom I have especially requested to be the subscribing witnesses to this my last will and testament. This 26th day of September, 1924.

"A. M. Todd, Testator.

"M. R. Wilkinson
"H. V. Watkins."

The chancellor held that this will disposed of all the property owned by the testator at his death within the description of the deed referred to in the will. We think that was a correct and proper construction of the will, because the will does not leave what was intended to be disposed of doubtful under the term "our homestead," but proceeds to a particular description of the property by reference to the deed where a full description is set forth.

The fact that some part of the property contained in the deed passed out of A. M. Todd, Sr., during his lifetime, does not change the property intended to be conveyed by the will. The will was good as to all property

which was owned by him at the time of his death contained in the description referred to. It is immaterial that certain buildings on the property described were rented or leased for business purposes.

We are not called upon to determine what the term "our homestead" would include, were no further description contained in the will.

The contention of the appellants in that situation would present for consideration some interesting questions as disclosed by the authorities, but the will here is the exponent of its description of the property devised. We do not deem it necessary to discuss the evidence and the authorities in the light of the conclusion we have reached, and the decree of the chancellor will, therefore, be affirmed.

Affirmed.